FILED  
United States Court of Appeals  
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 22, 2023**

Christopher M. Wolpert  
Clerk of Court

───────────────────────────────

SARAH LIEBERENZ, individually and as personal representative of the Estate of Jackson Maes, deceased,

  Plaintiff - Appellee/Cross-Appellant,

v.

KENNETH WILSON, in his individual capacity,

  Defendant - Appellant/Cross-Appellee,

and

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SAGUACHE, COLORADO, in its official capacity, et al.,

  Defendants/Cross-Appellees.

| | |
|---|---|
| | Nos. 23-1055 & 23-1075 (D.C. No. 1:21-CV-00628-NYW-NRN) (D. Colo.) |

───────────────────────────────

**ORDER**

───────────────────────────────

This matter is before the court following review of the appellant's docketing statement in Case No. 23-1075. The plaintiff cross appeals the district court's January 6, 2023 order denying her motion for sanctions (ECF No. 200) and February 3, 2023 order granting in part and denying in part two defense motions for summary judgment and denying two of the plaintiff's procedural motions (ECF No. 207). Claims remain pending

against some defendants, however. No final judgment (or partial final judgment) has been entered. *See* Fed. R. Civ. P. 58.

Regarding the February 3 order, we note that certain types of interlocutory appeals by *defendants* who have been *denied* their defense of qualified immunity are authorized under an exception to the final judgment rule. *See Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1150 (10th Cir. 2006) (circuit courts "typically do not have jurisdiction to review denials of summary judgment motions"); *but see Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (denial of claim for qualified immunity raised in motion for summary judgment is immediately appealable "to the extent that it turns on an issue of law"). Appellate jurisdiction over Defendant Wilson's interlocutory appeal appears to be based on this reasoning. Assuming jurisdiction is proper as to Defendant Wilson's appeal (on which no decision is being made at this time), this court's exercise of jurisdiction over the plaintiff's cross appeal of the otherwise nonappealable portion of the summary judgment order under the doctrine of pendent appellate jurisdiction appears to be discretionary. *Cox v. Glanz* , 800 F.3d 1231, 1255 10th Cir. 2015). Importantly, "[p]endent appellate jurisdiction is . . . disfavored in the qualified immunity context." *Bryson v. Gonzales*, 534 F.3d 1282, 1285–86 (10th Cir. 2008).

Because it appears the plaintiff has appealed portions of the district court's summary judgment order that are not otherwise immediately appealable, we call the parties' attention to the jurisdictional issue and direct them to address appellate jurisdiction with specificity in their briefing. The plaintiff in particular is reminded that it

is her burden to demonstrate appellate jurisdiction in her appeal. *EEOC v. PJ Utah, LLC*, 822 F3d 536, 542 n.7 (10th Cir. 2016).

With respect to the plaintiff's appeal of the January 6 order, we see two possible jurisdictional defects with this portion of the appeal. Interim sanctions orders in civil cases – even orders that impose sanctions – are generally not immediately appealable separate from the final judgment. *See Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204-05 (1999). The plaintiff should provide sufficient legal authority in her briefing to establish appellate jurisdiction to review the January 6 order that denied her request for sanctions. And even if the January 6 order could be reviewed by this court on an interlocutory basis, it appears the plaintiff's appeal of that order was filed beyond the deadline for filing an appeal. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of order or judgment being appealed). The plaintiff should explain in detail in her opening briefing why an interlocutory notice of appeal filed March 14, 2023, of an order entered January 6, 2023, is timely.

    Entered for the Court
    CHRISTOPHER M. WOLPERT, Clerk

    *Lara Smith*

    by: Lara Smith
        Counsel to the Clerk